Marvin Randall
PO Box 28087
Tempe, AZ 85285-8087
Phone: 480-382-8130
Email: marvinrandall@gmail.com

```
                    FILED      ___ LODGED
                ___ RECEIVED   ___ COPY

                    MAR 26 2013

             CLERK U S DISTRICT COURT
                DISTRICT OF ARIZONA
             BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Marvin Randall,

    Plaintiff,

vs.

National Credit Systems, Inc.,

    Defendant

Case No.: CV-13-616-PHX-LOA

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**
(Unlawful Debt Collection Practices, Unlawful Credit Reporting, Violation of the Telephone Consumer Protection Act, Violation of the Credit Repair Organization Act)

## PLAINTIFF'S COMPLAINT

Marvin Randall (hereafter "Plaintiff"), alleges the following NATIONAL CREDIT SYSYEMS, INC. (hereafter "Defendant"):

### INTRODUCTION

1. Count I of the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 USC 1692 et seq.

2. Count II of the Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 USC 1688 et seq.

3. Count III of the Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 USC 227.

4. Count IV of the Plaintiff's Complaint is based on the Credit Repair Organization Act ("CROA"), 15 USC 1672.

### JURISDICTION

5. Jurisdiction of this Court arises under 28 USC 1331.

6. Defendant is registered to do business in the state of Arizona, and therefore, personal jurisdiction is established.

7. Venue is proper pursuant to 28 USC 1391(b)(2).

8. Declaratory relief is available pursuant to 28 USC 2201 and 2202.

## PARTIES

9. Plaintiff, MARVIN RANDALL, is a natural person living in the city of Tempe, State of Arizona.

10. Plaintiff is a consumer as that term is defined by 15 USC 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 USC 1692a(5).

11. Defendant NATIONAL CREDIT SYSTEMS, INC. is a Georgia corporation with its headquarters in Atlanta, GA.

12. Defendant is a debt collector as defined by 15 USC 1692a(6), and sought to collect a consumer debt from the Plaintiff.

13. Defendant acted through its clients, customers, agents, employees, officers, members, directors, heirs, successors, assigns, principals, managers, trustees, sureties, subrogees, representatives, shareholders, associates, contractors and insurers.

## FACTUAL ALLEGATIONS

14. On March 20, 2012, Plaintiff received communication in the form of a phone call to his cellular phone from 404-592-0414.

15. Upon answering, Defendant's employee stated she was attempting to collect a debt owed to Riviera Village Apartments in Tempe, AZ.

16. Plaintiff verbally stated he disputed any alleged debt and asked for validation to be sent to him at his mailing address – a PO Box in Tempe, AZ.

17. Plaintiff provided his mailing address two times to the Defendant.

18. Plaintiff stated that since this phone call was the initial communication and he expected to see a dunning letter from the Defendant within 5 days of the call.

19. Defendant got agitated and stated "I don't care if you dispute the debt; I am still going to collect on it."

20. Plaintiff restated his dispute of the alleged debt, verbally asked for validation of the alleged debt and reminded the caller that the Defendant has 5 days to mail a dunning letter.

21. Defendant became further agitated with the Plaintiff asserting his rights and Plaintiff terminated the call.

22. Within an hour of receiving the phone call, Plaintiff, sent, via fax, a letter restating his dispute of the alleged debt, a demand for validation of the alleged debt and providing his mailing address.

23. On March 26, 2012, Plaintiff received another phone call from 404-592-0414.

24. Plaintiff recalled the unprofessionalism exhibited by the Defendant and decided not to answer the call.

25. Additionally, seeing the caller ID brought feelings of anxiety, embarrassment and stress.

26. Later that day, upon checking his mail, the Plaintiff discovered that there had been no dunning letter received from the Defendant.

27. In the initial call, the Plaintiff asked for validation of the alleged debt which also had not been received from the Defendant as of March 26, 2012.

28. The call made by the Defendant on March 26, 2012 represented continued collection activity despite the verbal and written demand to the Defendant to provide validation of the alleged debt owed.

29. Such continued collection activity without providing validation is a violation of the FDCPA.

30. Based on information posted on the Defendant's website, communications, in the form of calls placed to his cellular phone were placed with automated dialing equipment, despite the lack of implied or express consent by the Plaintiff to do so.

31. On April 30, 2012, Plaintiff sent the Defendant a letter in order to document violations of the Fair Debt Collection Practices Act, specifically the fact that there was continued collection activity after demanding that the alleged debt be validated.

32. On May 3, 2012, Plaintiff received a phone call in response to the letter sent to document the Defendant's violations of the Fair Debt Collection Practices Act from March 20 through March 26, 2012.

33. Defendant claimed that they sent the initial dunning letter to the Plaintiff's old address, claiming that is the only address they had on file at the time and that it was returned by the US Post Office as undeliverable.

34. Plaintiff restated that he had given the initial caller his PO Box address twice in the initial phone call and there was no reason to send the initial dunning letter to any other address.

35. The Defendant insisted that the old address was the only one on file.

36. Upon belief of the Plaintiff, Defendant sent the initial dunning letter to the old address in a calculated attempt to avoid having the Plaintiff ask for validation of the alleged debt – which was done during the initial phone call and to knowingly deny the Plaintiff his rights under the Fair Debt Collection Practices Act.

37. In May 2012, Plaintiff received a letter from the Defendant purporting to validate the alleged debt. In the text of the letter, Defendant wrote that the Plaintiff needs to assist in investigating his dispute of the alleged debt.

38. No such requirement to assist with an investigation of a dispute of an alleged debt exists under the FDCPA.

39. Defendant's misstatement of such a requirement is a violation of the FDCPA.

40. In late May 2012, Plaintiff received another letter from the Defendant stating that the alleged debt had now been placed onto his consumer credit report. The letter further read that paying the debt would improve his score enough to enjoy good consumer loan rates, a nice place to live and reasonable insurance rates.

41. Such language was a violation of the Credit Repair Organization Act since the Defendant represented that payment of the alleged debt would make his credit better- despite the possibility that such improvement may not occur.

42. Plaintiff obtained his consumer credit report and discovered that Defendant had reported the alleged debt to the credit reporting agencies without the language that said debt was disputed.

43. The Defendant's failure to report the item as disputed is a violation of the Fair Credit Reporting Act.

44. Because of Defendant's actions, Plaintiff has not been able to secure a decent place to live, and has lost out on opportunities to advance his career.

45. In August 2012, Defendant sent another letter threatening that they would file a lawsuit, or recommend a suit be filed, since Plaintiff "did not make reasonable efforts to pay on the debt."

46. Such language represents "overshadowing" and was sent by the Defendant in order to scare him into believing such legal action by the Defendant was imminent unless arrangements to pay the alleged debt were made.

47. After a diligent search of Maricopa County court records, Plaintiff ascertained that the Defendant does not file suits in the normal course of business in order to collect on alleged debts.

48. As of the date of this Complaint, no such suit has been filed by the Defendant.

49. This led the Plaintiff to believe that he was being singled out by the Defendant out for asserting his consumer rights.

50. In the totality of dealing with the Defendant, Plaintiff has suffered emotional distress, humiliation and harassment as Defendant has taken steps to destroy his life due to assertion of his rights under various consumer protection laws.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

51. Defendant violated the Fair Debt Collection Practices Act in the following ways:
    a. by knowingly sending the initial dunning letter to an incorrect address in an attempt to prevent the Plaintiff from asserting his rights under the FDCPA, in violation of 15 USC 1692d;
    b. by failing to provide an initial dunning letter within 5 days of initial contact, in violation of 15 USC 1692g(a);
    c. by continuing collection activity after demand for validation of the alleged debt was made, in violation of 15 USC 1692g(b).

    d.  through the use of unfair means to collect a debt, in violation of 15 USC 1692e(11).

    e.  through the use of unfair means to collect a debt, namely, the violation of other consumer protection laws in the collection of a debt, in violation of 15 US 1692e(11).

    f.  through the use of "overshadowing" in their threat to file suit, an action the Defendant could not or would not take, in violation of 15 USC 1692e.

## COUNT II

## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT

52. Defendant violated the Fair Credit Reporting Act in the following ways:

    a.  by failing to mark the tradeline that was reported to the credit reporting agencies as "disputed," in violation of 15 USC 1681 i(b) and 15 USC 1681 s-2(a)(3).

## COUNT III

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Defendant violated the Telephone Consumer Protection Act in the following ways:

    a.  through the use of automated dialing equipment to place a call to Plaintiff's cellular phone on March 20, 2012, without having Plaintiff's prior express consent, a willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).

    b.  through the use of automated dialing equipment to place a call to Plaintiff's cellular phone on March 26, 2012, without having Plaintiff's prior express consent, a willful violation of 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(2).

# COUNT IV
# DEFENDANT VIOLATED THE CREDIT REPAIR ORGANIZATIONS ACT

54. Defendant violated the Credit Repair Organization Act in the following way:

   a. Through the use of misleading language that stated that payment to the Defendant would enhance his credit - allowing good consumer loan rates, a nice place to live and reasonable insurance rates, despite no actual knowledge that credit enhancement would occur – in violation of 15 USC 1679b(3) and 15 USC 1679b(4).

WHEREFORE, Plaintiff, Marvin Randall, respectfully requests judgment be entered against the Defendant, NATIONAL CREDIT SYSTEMS, INC. for the following:

## AS TO COUNT I

55. Declaratory judgment that the Defendant's conduct violated the Fair Debt Collection Practices Act;

56. Statutory damages in the amount of $1,000.00 pursuant to 15 USC 1692k.

## AS TO COUNT II

57. Declaratory judgment that the Defendant's conduct violated the Fair Credit Reporting Act;

58. Statutory damages in the amount of $1,000.00 pursuant to 15 USC 1688

## AS TO COUNT III

59. Declaratory judgment that the Defendant's conduct violated the Telephone Consumer Protection Act;

60. Statutory damages in the amount of $500.00 per phone call, pursuant to the Telephone Consumer Protection Act, 47 USC 227;

61. A finding that each phone call made to the Plaintiff shall be subject to treble damages, pursuant to 47 USC 227(b)(l)(B).

## AS TO COUNT IV

62. Declaratory judgment that the Defendant's conduct violated the Credit Repair Organization Act;

63. Damages for violation of the Credit Repair Organization Act as the Court sees fit.

## AS TO ALL COUNTS

64. Actual damages to be proven at trial;

65. Putative damages of no less than $50,000.00 up to an amount proven at trial;

66. Costs pursuant to the Fair Debt Collection Practices Act, 15 USC 1692k;

67. Any other relief the Honorable Court deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the Unites States Constitution, Plaintiff, MARVIN RANDALL, demands a jury trial in this cause of action.

Dated this 21st day of March, 2013

_____
Marvin Randall